# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| EVENFLO COMPANY, INC., a Delaware Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>VEER GEAR LLC, a Georgia Limited Liability Corporation,<br><br>　　　　　Defendant. | Case No. 3:20-cv-00030<br><br>JUDGE THOMAS M. ROSE<br><br>**JURY TRIAL DEMANDED** |

## EVENFLO COMPANY INC.'S ANSWER TO VEAR GEAR LLC'S COUNTERCLAIM FOR PATENT INFRINGEMENT AND COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

Plaintiff, Evenflo Company, Inc. ("Evenflo") hereby answers the allegations in Defendant Veer Gear, LLC's ("Veer") Counterclaim (Docket No. 6). Any allegations in Veer's Counterclaim which are not specifically addressed below are denied.

## THE PARTIES

1. Evenflo is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies each allegation therein

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

## JURISDICTION AND VENUE

6. Admitted, except that Evenflo denies that Veer is entitled to any relief.

7. Admitted.

## EVENFLO'S ALLEGED INFRINGEMENT OF U.S PATENT NO. 10,507,857

8. Evenflo admits that the face of U.S. Patent No. 10,507,857 (the "857 Patent") lists an issue date of December 17, 2019, is titled "Wagon with Collapsible Footwell and Position-Locking Handle," and what appears to be a true and correct copy of the '857 Patent is attached as Exhibit A to Veer's Counterclaim. Evenflo denies any remaining allegations in this paragraph.

9. Evenflo is without information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

10. Evenflo admits that it sells the Evenflo Pivot Xplore ("Xplore") and that Exhibit E appears to be pictures of the Xplore. Evenflo denies any remaining allegations in this paragraph.

11. Evenflo is without information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

12. Evenflo admits that it received the letter identified as Exhibit H. Evenflo denies any remaining allegations in this paragraph.

13. Evenflo admits that it received the letter identified as Exhibit F. Evenflo denies any remaining allegations in this paragraph.

14. Evenflo denies the allegations of this paragraph.

**EVENFLO'S ALLEGED INFRINGEMENT OF U.S PATENT NO. 10,077,062**

15.     Evenflo admits that the face of U.S. Patent No. 10,077,857 (the "062 Patent") lists an issue date of September 18, 2018, is titled "Wagon with Adapter for Installing Child Seat," and what appears to be a true and correct copy of the '062 Patent is attached as Exhibit B to Veer's Counterclaim.  Evenflo denies any remaining allegations in this paragraph.

16.     Evenflo is without information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

17.     Evenflo admits that it sells the Evenflo Pivot Xplore Second Seat ("Xplore Second Seat") and that Exhibit H appears to be pictures of the Xplore Second Seat.  Evenflo denies any remaining allegations in this paragraph.

18.     Evenflo admits that it received the letter identified as Exhibit H.  Evenflo denies any remaining allegations in this paragraph.

19.     Evenflo admits that it received the letter identified as Exhibit F.  Evenflo denies any remaining allegations in this paragraph.

20.     Evenflo denies the allegation of this paragraph.

**EVENFLO'S ALLEGED INFRINGEMENT OF U.S PATENT NO. 10,597,058**

21.     Evenflo admits that the face of U.S. Patent No. 10,597,058 (the "058 Patent") lists an issue date of March 24, 2020, is titled "Wagon with Adapter for Installing Child Seat," and what appears to be a true and correct copy of the '058 Patent is attached as Exhibit C to Veer's Counterclaim..  Evenflo denies any remaining allegations in this paragraph.

22. Evenflo is without information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

23. Evenflo admits that it sells the product shown in Exhibit H. Evenflo denies any remaining allegations in this paragraph.

24. Evenflo admits that it sells the product shown in Exhibit I (the "Xplore Car Seat Adapter"). Evenflo denies any remaining allegations in this paragraph.

25. Evenflo is without information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

26. Evenflo denies the allegations in this paragraph.

### **EVENFLO'S ALLEGED INFRINGEMENT OF U.S PATENT NO. 9,358,445**

27. Evenflo admits that the face of U.S. Patent No. 9,358,445 (the "445 Patent") lists an issue date of June 7, 2016, is titled "Wagon With Latch System for Collapsible Walls," and what appears to be a true and correct copy of the '445 Patent is attached as Exhibit D to Veer's Counterclaim. Evenflo denies any remaining allegations in this paragraph.

28. Evenflo is without information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

29. Evenflo admits that it sells the Xplore and that pictures thereof are shown in Exhibit E. Evenflo denies any remaining allegations in this paragraph.

30. Evenflo is without information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, denies the same.

31. Evenflo denies the allegations in this paragraph.

## COUNT 1

32. Evenflo incorporates its responses to the allegations in the Counterclaim by reference as if fully set forth herein.

    33. Denied.

    34. Denied.

    35. Denied.

    36. Denied.

    37. Denied

## COUNT II

38. Evenflo incorporates its responses to the allegations in the Counterclaim by reference as if fully set forth herein.

    39. Denied.

    40. Denied.

    41. Denied.

    42. Denied.

    43. Denied.

## COUNT III

44. Evenflo incorporates its responses to the allegations in the Counterclaim by reference as if fully set forth herein.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

## COUNT IV

50. Evenflo incorporates its responses to the allegations in the Counterclaim by reference as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT V

56. Evenflo incorporates its responses to the allegations in the Counterclaim by reference as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## AFFIRMATIVE DEFENSES

As its separate affirmative defenses to Plaintiff's counterclaims and allegations, Evenflo alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Evenflo has not infringed and does not infringe, under any theory of infringement, any valid, enforceable claim of the '857 Patent, the '062 Patent, the '058 Patent, and/or the '445 Patent (collectively, the "Patents-in-Suit").

## THIRD AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Evenflo's actions allegedly infringe the Patents-in-Suit, Evenflo is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patents-in-Suit.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff asserts that Evenflo indirectly infringes, either by contributory infringement or inducement of infringement, Evenflo is not liable to Plaintiff for the acts alleged to have been performed before Evenflo knew that its actions would cause indirect infringement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's attempted enforcement of the Patents-in-Suit against Evenflo is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, Evenflo asks this Court to enter judgment in its favor and against Plaintiff by granting the following relief:

a) a declaration that Plaintiff take nothing against Evenflo by its counterclaims in this action;

b) a declaration that the Patents-in-Suit are invalid;

c) a declaration that Evenflo does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

d) a declaration that the Patents-in-Suit are unenforceable;

e) judgment against Plaintiff and in favor of Evenflo;

f) dismissal of the counterclaims with prejudice;

g) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Evenflo of its costs and attorneys' fees incurred in this action; and

h) a grant of such other and further relief as this Court may deem just and proper.

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,597,058

1. Evenflo incorporates the foregoing paragraphs of its Answer by reference as though fully set forth herein.

2. At least claim 1 of the '058 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including but not limited to Sections 102 and 103.

3. More specifically, at least claim 1 of the '058 Patent is invalid under 35 U.S.C. § 102 and/or 103 for reasons including, but not limited to, the disclosure of U.S. Pat. No. 7,992,882 issued on August 9, 2011 to Brenda D. Engelman ("the Engelman Reference") a true and correct copy of which is attached hereto with a corresponding claim chart as Exhibit 1.

4. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

5. A judicial declaration is necessary and appropriate so that Evenflo may ascertain its rights regarding the '058 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court enter judgment in favor of the Plaintiff granting the following relief:

A. Entry of judgment that at least claim 1 of the '058 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102 and/or 103.

B. An order declaring that this is an exceptional case and awarding Evenflo its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law.

C. Such other and further relief as this Court may deem just and proper.

Dated: May 19, 2020                                     Respectfully submitted,


/s/John M. Mueller
BAKER HOSTETLER LLP
312 Walnut Street
Suite 3200
Cincinnati, OH 45202-4074
(513) 929 – 3413
jmueller@bakerlaw.com

*Attorney for Plaintiff*
*Evenflo Company, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

                                                  /s/ John M. Mueller
                                                  John M. Mueller