## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

EVENFLO COMPANY, INC.,

      Plaintiff/Counter-Defendant,

      v.

VEER GEAR LLC,

      Defendant/Counter-Plaintiff.

CASE NO. 3:20-cv-00030

JUDGE THOMAS M. ROSE

## VEER GEAR LLC'S ANSWER TO EVENFLO COMPANY INC.'S COMPLAINT FOR DECLARATORY JUDGMENT OF INVALIDITY AND SUPPLEMENTAL COUNTERCLAIMS FOR PATENT INFRINGEMENT

Defendant Veer Gear LLC (hereinafter "Veer Gear") hereby answers the allegations in Plaintiff Evenflo Company, Inc.'s (hereinafter "Evenflo") Complaint (Docket No. 1).  Any allegations in Evenflo's Complaint which are not specifically addressed below are denied.

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity of a United States patent pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United State[s] Patent Law, 35 U.S.C. § 100 *et seq.*, and for other such relief as the Court deems just and proper.

**ANSWER:**  Veer Gear admits this action is based on the Declaratory Judgment Act and United States Patent Laws. Veer Gear denies that Evenflo is entitled to any relief from Veer Gear.

**PARTIES**

2.      Plaintiff Evenflo is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 225 Byers Road, Miamisburg, Ohio 45342.

**ANSWER:** Veer Gear lacks sufficient knowledge or information to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same and leaves Evenflo to its proofs.

3.      Evenflo is a juvenile products leader and makes and sells, among other things, strollers and car seats.

**ANSWER:** Veer Gear admits that Evenflo sells strollers and car seats. Veer Gear lacks sufficient knowledge or information to form a belief as to whether Evenflo makes strollers and car seats and on that basis denies those allegations. Veer Gear denies that Evenflo is a "juvenile products leader," and also denies any remaining allegations in this paragraph.

4.      On information and belief, Veer Gear is a limited liability corporation organized and existing under the laws of the State of Georgia and has its principal place of business at 95 Colonial Lane, Milton, GA 30004.

**ANSWER:**  Admitted, except that the correct address number is "895."

**JURISDICTION AND VENUE**

5.      Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

**ANSWER:** Veer Gear incorporates its responses to the allegations of the Complaint set forth in the preceding paragraphs of this Answer.

6.      This is an action for declaratory judgment under the patent laws of the United States, 35 U.S.C. §§ 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

**ANSWER:** Admitted, except that Veer Gear denies that Evenflo is entitled to any relief.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

**ANSWER:** Admitted.

8.      This Court has personal jurisdiction over Veer based on, inter alia, Veer's conduct in the state of Ohio related to its accusations of infringement by Evenflo of US Pat. Nos. 10,077,062 (the "'062 Patent") and 10,507,85[7] (the " '857 Patent["]) (collectively, the "Asserted Patents").

**ANSWER:** For purposes of this action only, Veer Gear does not contest the Court's exercise of personal jurisdiction over Veer Gear.

9.      Venue in this Court is proper under 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** For purposes of this action only, Veer Gear does not assert venue is improper.

## THE PATENTS-IN-SUIT

10.      Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

**ANSWER:** Veer Gear incorporates its responses to the allegations of the Complaint set forth in the preceding paragraphs of this Answer.

11.      The '062 Patent is titled, "Wagon with adapter for installing child seat," is assigned to Veer, and issued on September 18, 2018  A true and correct copy of the '062 Patent is attached as Exhibit 1.

**ANSWER:** Veer Gear admits the '062 Patent is entitled "Wagon with Adapter for Installing Child Seat," that the '062 Patent issued on September 18, 2018, and that it is assigned to Veer Gear. Veer Gear also admits that what appears to be a copy of the '062 Patent was

attached as Exhibit 1 to Evenflo's Complaint. Veer Gear lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of this paragraph and, therefore, denies the same.

12.     The '857 Patent is titled, "Wagon with collapsible footwell and position locking handle," also is assigned to Veer, and issued on December 17, 2019. A true and correct copy of the '857 Patent is attached as Exhibit 2.

**ANSWER:** Veer Gear admits the '857 Patent is entitled "Wagon with Collapsible Footwell and Position-Locking Handle," that the '857 Patent issued on December 17, 2019, and that it is assigned to Veer Gear. Veer Gear also admits that what appears to be a copy of the '857 Patent was attached as Exhibit 2 to Evenflo's Complaint.

13.     On or about December 18, 2019, Evenflo received a letter from IPISC Patent Insurance, sent on behalf of Veer, alleging that the Evenflo Pivot Xplore product (the "Accused Product") "incorporated technology" in the Asserted Patents and instructed Evenflo to review the Accused Product vis-à-vis infringement of the Asserted Patents. The letter was addressed to Mr. William Gross Executive VP, located at 225 Byers Road, Miamisburg, Ohio 45342-3614. A true and correct copy of the letter received by Evenflo is attached as Exhibit 3.

**ANSWER:** Veer Gear admits that IPISC sent a letter to Evenflo (particularly Mr. William Gross Executive VP, at 225 Byers Road, Miamisburg, Ohio 45342-3614), dated December 17, 2019, on behalf of Veer Gear indicating that "it seems that the Evenflo Pivot Xplore product incorporates technology described in the above-referenced Insured IP…We invite your careful review of the identified patent and ask you to share your thoughts on this subject." Veer Gear further admits that Exhibit 3 appears to be a true and correct copy of the letter.  Veer Gear lacks sufficient knowledge or information to know when Evenflo received the letter.  Veer Gear denies any remaining allegations in this paragraph.

14.     On January 7, 2020, Evenflo received a letter from Joshua P. Pond at Kilpatrick Townsend, sent on behalf of Veer, alleging that the Accused Product "falls within the scope of one or more claims" of the '857 Patent and that the Accused Product, in combination with the "Pivot Xplore Second Seat" and the "Car Seat Adapter," "each fall within the scope of one or more claims of the '062 Patent." The letter stated that Veer was "putting Evenflo on notice of its infringement" and requested that Evenflo "cease and desist from making, using, offering for sale, and selling of products in the United States that infringe" the '857 Patent. The letter further requested that Evenflo confirm that it would refrain from selling products that infringe the '062 Patent including the Pivot Xplore Second Seat and the Car Seat Adapter. With the letter were claim charts reading one claim of each of the '062 Patent (claim 1, including the aforementioned adapters,) and the '857 Patent (claim 1, erroneously referred to as claim 5) on the Accused Product. The letter was addressed to the Evenflo CEO, Jon Chamberlain, at 225 Byers Road, Miamisburg, OH 453242 [sic]. A true and correct copy of the letter as received by Evenflo is attached as Exhibit 4.

**ANSWER:** Veer Gear admits that, by letter from Joshua P. Pond, on behalf of Veer Gear, to Evenflo Company, Inc. (particularly Mr. Jon Chamberlain, Chief Executive Officer, Evenflo Company Incorporated, 225 Byers Road, Miamisburg, OH 45342), dated January 6, 2020, Evenflo was put on notice that the Accused Product "falls within the scope of one or more claims" of the '857 Patent and that the Accused Product, in combination with the "Pivot Xplore Second Seat" and the "Car Seat Adapter," "each fall within the scope of one or more claims of the '062 Patent." Veer Gear further admits that the letter put "Evenflo on notice of its infringement" and requested that Evenflo "cease and desist from making, using, offering for sale, and selling of products in the United States that infringe" the '857 Patent. Veer Gear admits the letter further requested that Evenflo "confirm in writing that it will not in the future make, use,

offer for sale, or sell products in the United States that infringe or otherwise induce or contribute to the infringement of at least one claim of the '062 patent, including but not limited to the Pivot Xplore Second Seat and Car Seat Adapter for the Pivot Xplore." Veer Gear further admits that claim charts comparing the Accused Product with a claim from the '062 patent and a claim from the '857 patent were included with this January 6, 2020 letter. Veer Gear admits that what appears to be a copy of the letter was attached as Exhibit 3 to Evenflo's Complaint. Veer Gear lacks sufficient knowledge or information to know when Evenflo received the letter. Veer Gear denies any remaining allegations in this paragraph.

<u>**FIRST CLAIM FOR RELIEF**</u>
<u>**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,077,062**</u>

15.     Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

**ANSWER:** Veer Gear incorporates its responses to the allegations of the Complaint set forth in the preceding paragraphs of this Answer.

16.     Claim 1 of the '062 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including but not limited to Sections 102 and 103.

**ANSWER:** Denied.

17.     More specifically, Claim 1 of the '062 Patent is invalid under 35 U.S.C. § 102 and/or 103 for reasons including, but not limited to, the disclosure of U.S. Patent No. 7,992,882 issued on August 9, 2011 to Brenda D. Engelman ("the Engelman reference") a true and correct copy of which is attached hereto with a corresponding claim chart as Exhibit 5.

**ANSWER:** Denied.

18. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Denied.

19. A judicial declaration is necessary and appropriate so that Evenflo may ascertain its rights regarding the '062 Patent.

**ANSWER:** Denied.

<u>**SECOND CLAIM FOR RELIEF**</u>
<u>**DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,507,857**</u>

20. Evenflo incorporates the foregoing paragraphs of its Complaint by reference as though fully set forth herein.

**ANSWER:** Veer Gear incorporates its responses to the allegations of the Complaint set forth in the preceding paragraphs of this Answer.

21. Claim 1 of the '857 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., including but not limited to Sections 102 and 103.

**ANSWER:** Denied.

22. More specifically, Claim 1 of the '062 Patent is invalid under 35 U.S.C. § 102 and/or 103 for reasons including, but not limited to, the disclosure of U.S. Publication No. US 2010/0156069 published on June 24, 2010 by Zhaosheng Chen ("the Chen Reference") a true and correct copy of which is attached hereto with a corresponding claim chart as Exhibit 6.

**ANSWER:** Denied.

23. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

**ANSWER:** Denied.

24.     A judicial declaration is necessary and appropriate so that Evenflo may ascertain its rights regarding the '857 Patent.

**ANSWER:** Denied.

## PRAYER FOR RELIEF

WHERFORE, Plaintiff respectfully requests that the Court enter judgment in favor of the Plaintiff granting the following relief:

A.     Entry of judgment that claim 1 of the '062 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102 and/or 103.

B.     Entry of judgment that claim 1 of the '857 Patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 102 and/or 103.

C.     An order declaring that this is an exceptional case and awarding Evenflo its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law.

D.     Such other and further relief as this Court may deem just and proper.

**ANSWER:** Veer Gear denies that Evenflo is entitled to any relief.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Evenflo demands a trial by jury for all issues so triable.

**ANSWER:**  No answer is required by Veer Gear.

Dated: February 15, 2022          Respectfully submitted,

*/s/Glenn E. Forbis*            
Glenn E. Forbis (Pro Hac Vice, Trial Counsel)
J. Bradley Luchsinger (Pro Hac Vice)
**HARNESS, DICKEY & PIERCE, P.L.C.**
5445 Corporate Drive, Suite 200
Troy, Michigan 48098
(248) 641-1600
gforbis@hdp.com
bluchsinger@hdp.com

Rex H. Elliott
C. Benjamin Cooper, Trial Counsel
**COOPER & ELLIOTT, LLC**
2175 Riverside Drive
Columbus, Ohio 43221
(614) 481-6000
(614) 481-6001 (fax)
rexe@cooperelliott.com
benc@cooperelliott.com

Douglas A. Robinson (*Pro Hac Vice Application Forthcoming*)
7700 Bonhomme Avenue, Suite 400
St. Louis, Missouri 63105
(314) 726-7500
drobinson@hdp.com

*Attorneys for Defendant/Counter-Plaintiff Veer Gear, LLC*

## AMENDED AND SUPPLEMENTAL COUNTERCLAIMS FOR PATENT INFRINGEMENT

Counter-plaintiff Veer Gear, LLC (hereinafter "Veer Gear"), as its counterclaim against Counter-defendant Evenflo Company, Inc. (hereinafter "Evenflo"), hereby alleges as follows:

### THE PARTIES

1.      Veer Gear is a Georgia limited liability corporation which operates out of offices at 895 Colonial Lane, Milton, Georgia 30004. Veer Gear has a corporate mailing address at 3423 Piedmont Road, NE, Atlanta, Georgia  30327.

2.      Upon information and belief, Evenflo is a Delaware corporation operating out of offices at 225 Byers Road, Miamisburg, Ohio 45342.

3.      Upon information and belief, Evenflo sells and offers to sell the Evenflo Pivot Xplore in the United States, including in this district.

4.      Upon information and belief, Evenflo sells and offers to sell the Evenflo Pivot Xplore Second Seat in the United States, including in this district.

5.      Upon information and belief, Evenflo sells and offers to sell the Evenflo Pivot Xplore Infant Car Seat Adapter in the United States, including in this district.

### JURISDICTION AND VENUE

6.      This is a counterclaim for patent infringement. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1338(a) and Fed. R. Civ. P. 13. The Court has personal jurisdiction over Counter-defendant Evenflo by virtue of Evenflo's regular and established place of business in this district and having sold or offered for sale infringing products (the Evenflo Pivot Xplore, the Evenflo Pivot Xplore Second Seat, and the Evenflo Pivot Xplore Infant Car Seat Adapter) in this district. The Court also has personal jurisdiction over Counter-defendant Evenflo by virtue of Evenflo filing its Complaint in this district.

7.     Venue is proper in the Southern District of Ohio pursuant to 28 U.S.C. § 1400(b).

## EVENFLO'S INFRINGEMENT OF THE U.S. PATENT NO. 10,507,857

8.     United States Patent No. 10,507,857, entitled "Wagon with Collapsible Footwell and Position-Locking Handle" ("the '857 Patent") was duly issued by the United States Patent and Trademark Office on December 17, 2019. A true and correct copy of the '857 Patent is attached as **Exhibit A**.

9.     The '857 Patent is assigned to and owned by Counter-plaintiff Veer Gear.

10.     Upon information and belief, Evenflo has and continues to make, use, import, offer to sell and/or sell in the United States a wagon with a collapsible footwell and position-locking handle, namely the product sold by Evenflo called the "Evenflo Pivot Xplore," (hereinafter the "Pivot Xplore"), as illustrated by the pictures and description in the attached **Exhibit E**.

11.     Veer Gear has sold and currently sells a wagon with a collapsible footwell and position-locking handle under the trademark Veer Cruiser (the "Veer Cruiser"), which practices the invention claimed in the '857 Patent.

12.     Veer Gear's insurance carrier, IPISC, sent a letter dated December 17, 2019 on behalf of Veer Gear to Evenflo concerning the '857 Patent, a copy of which is attached hereto as **Exhibit F**.

13.     Veer Gear notified Evenflo of Evenflo's infringement of the '857 Patent via a letter to Evenflo's Chief Executive Officer dated January 6, 2020, a copy of which is attached hereto as **Exhibit G**.

14.     Evenflo is also put on notice of its infringement of the '857 Patent by way of the filing and service of this Counterclaim.

## EVENFLO'S INFRINGEMENT OF U.S. PATENT NO. 10,077,062

15.    United States Patent No. 10,077,062, entitled "Wagon with Adapter for Installing Child Seat" ("the '062 Patent") was duly issued by the United States Patent and Trademark Office on September 18, 2018. A true and correct copy of the '062 Patent is attached as **Exhibit B**.

16.    The '062 Patent is assigned to and owned by Counter-plaintiff Veer Gear.

17.    Upon information and belief, Evenflo has and continues to make, use, import, offer to sell and/or sell in the United States a toddler seat for use with its wagon via an adapter, namely the product sold by Evenflo called the "Evenflo Pivot Xplore Second Seat" (hereinafter the "Xplore Second Seat"), as illustrated by the pictures and description in the attached **Exhibit H**.

18.    Veer Gear's insurance carrier, IPISC, sent a letter dated December 17, 2019 on behalf of Veer Gear to Evenflo concerning the '062 Patent, a copy of which is attached hereto as **Exhibit F**.

19.    Veer Gear notified Evenflo of Evenflo's infringement of the '062 Patent via a letter to Evenflo's Chief Executive Officer dated January 6, 2020, a copy of which is attached hereto as **Exhibit G**.

20.    Evenflo is also put on notice of its infringement of the '062 Patent by way of the filing and service of this Counterclaim.

## EVENFLO'S INFRINGEMENT OF U.S. PATENT NO. 10,597,058

21.    United States Patent No. 10,597,058, entitled "Wagon with Adapter for Installing Child Seat" ("the '058 Patent") was duly issued by the United States Patent and Trademark Office on March 24, 2020. A true and correct copy of the '058 Patent is attached as **Exhibit C**.

22.    The '058 Patent is assigned to and owned by Counter-plaintiff Veer Gear.

23.     Upon information and belief, Evenflo has and continues to make, use, import, offer to sell and/or sell in the United States a toddler seat for use with its wagon via an adapter, namely the Xplore Second Seat, as illustrated by the pictures and description in the attached **Exhibit H**.

24.     Upon information and belief, Evenflo has and continues to make, use, import, offer to sell and/or sell in the United States an adapter for infant seats for use with its wagon, namely the Xplore Infant Car Seat Adapter, as illustrated by the pictures and description in the attached **Exhibit I**.

25.     Veer Gear has sold and currently sells infant car seat adapters configured for use with various infant car seats and its Veer Cruiser wagon, which practice the invention claimed in the '058 Patent.

26.     Evenflo is put on notice of its infringement of the '058 Patent by way of the filing and service of this Counterclaim.

### **EVENFLO'S INFRINGEMENT OF U.S. PATENT NO. 9,358,445**

27.     United States Patent No. 9,358,445, entitled "Wagon With Latch System for Collapsible Walls" ("the '445 Patent") was duly issued by the United States Patent and Trademark Office on June 7, 2016. A true and correct copy of the '445 Patent is attached as **Exhibit D**.

28.     The '445 Patent is assigned to and owned by Counter-plaintiff Veer Gear.

29.     Upon information and belief, Evenflo has and continues to make, use, import, offer to sell and/or sell in the United States a wagon having a latch system for a collapsible wall, namely the product sold by Evenflo called the "Evenflo Pivot Xplore," (hereinafter the "PivotXplore"), as illustrated by the pictures and description in the attached **Exhibit E**.

30.     Veer Gear has at all relevant times provided marking notice of the '445 Patent pursuant to 35 U.S.C. § 287 on https://www.goveer.com/#patents.

31.     Enflo is put on notice of its infringement of the '445 Patent by way of the filing and service of this Counterclaim.

### EVENFLO'S INFRINGEMET OF U.S. PATENT NO. 11,198,460

32.     United States Patent No. 11,198,460, entitled "Wagon with Collapsible Footwell and Position-Locking Handle" ("the '460 Patent") was duly issued by the United States Patent and Trademark Office on December 14, 2021. A true and correct copy of the '460 Patent is attached as **Exhibit O.**

33.     The '460 Patent is assigned to and owned by Counter-plaintiff Veer Gear.

34.     Upon information and belief, Evenflo has and continues to make, use, import, offer to sell and/or sell in the United States a wagon having a collapsible footwell, namely the product sold by Evenflo called the "Evenflo Pivot Xplore," (hereinafter the "Pivot Xplore"), as illustrated by the pictures and description in the attached **Exhibit E.**

35.     In addition, Evenflo has and continues to contribute to, and induce, infringement of the '460 Patent by others under 35 U.S.C. § 271(b) and (c) by, e.g., providing the Pivot Xplore, and instructions for its use, to Evenflo's customers.

36.     Veer Gear has at all relevant times provided marking notice of the '460 Patent pursuant to 35 U.S.C. § 287 on https://www.goveer.com/#patents.

37.     Evenflo was put on notice of its infringement of the '460 Patent via email from the undersigned dated November 8, 2021.

38.     Evenflo is put on notice of its infringement of the '460 Patent by way of the filing and service of this counterclaim.

## COUNT I
### Direct Infringement of the '857 Patent by the Pivot Xplore Under 35 U.S.C. § 271(a)

39.     Veer Gear incorporates by reference each and every one of the allegations in the preceding paragraphs as if fully set forth herein.

40.     Evenflo's Pivot Xplore includes all of the elements of at least one claim of the '857 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '857 Patent that will be asserted in this case), independent claim 1, as set forth below and in the claim chart attached as **Exhibit J**:

a.  The Pivot Xplore is a wagon;

b.  The Pivot Xplore has a base frame adapted to receive a load;

c.  The Pivot Xplore has a peripheral sidewall mounted to the base frame and positionable in a use position defining a container and a storage position;

d.  The Pivot Xplore has a plurality of wheels attached to the base frame;

e.  The Pivot Xplore has a collapsible footwell feature including a footrest and a plurality of upright elements, wherein the plurality of upright element connect the footrest to the base frame, and wherein the collapsible footwell feature is positionable into a plurality of orientations; and

f.  The Pivot Xplore has a position-locking handle feature including a handle that is repositionable between multiple use positions and a storage position.

41.     To the extent that one or more of the elements of any asserted claim of the '857 Patent is not literally present in the Pivot Xplore, then such element is present in the Pivot Xplore under the doctrine of equivalents because the corresponding feature in the Pivot Xplore performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Pivot Xplore.

15

42.     Therefore, Evenflo has and continues to directly infringe, under 35 U.S.C.

§ 271(a), at least one claim of the '857 Patent.

43.     In light of Evenflo's awareness of the '857 Patent, as detailed above, Evenflo's

continued infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously

wrongful, flagrant, or characteristic of a pirate.

44.     Accordingly, the nature of Evenflo's infringement of the '857 Patent makes this

an exceptional case under 35 U.S.C. § 285.

<u>**COUNT II**</u>
<u>**Direct Infringement of the '062 Patent by the Xplore Second Seat Under 35 U.S.C. § 271(a)**</u>

45.     Veer Gear incorporates by reference each and every one of the preceding

paragraphs as if fully set forth herein.

46.     Evenflo's Xplore Second Seat includes all of the elements of at least one claim of

the '062 Patent, including by way of example only (and not limiting with respect to the number

or identity of claims of the '062 Patent that will be asserted in this case), independent claim 2, as

set forth below and in the claim chart attached as **Exhibit K**:

    a.   The Xplore Second Seat is a seat adapter assembly for rigidly mounting to
        two opposing upright walls of a wagon for mounting a child seat;

    b.   The Xplore Second Seat has a first adapter-to-wagon latch component
        configured to removably mount to a first upright wall of the two opposing
        upright walls of the wagon;

    c.   The Xplore Second Seat has a second adapter-to-wagon latch component
        configured to removably mount to a second upright wall of the two opposing
        upright walls of the wagon;

    d.   The Xplore Second Seat a first adapter-to-seat latch component extending out
        of the first adapter-to-wagon latch component and configured to removably

16

attach to the child seat; and

e.  The Xplore Second Seat Adapter has a second adapter-to-seat latch
component extending out of the second adapter-to-wagon latch component
and configured to removably attach to the child seat.

47.  To the extent that one or more of the elements of any asserted claim of the '062
Patent is not literally present in the Xplore Second Seat then such element is present in the
Xplore Second Seat under the doctrine of equivalents because the corresponding feature in the
Xplore Second Seat performs substantially the same function, in substantially the same way, to
obtain substantially the same result as the claimed element and because there would be
insubstantial differences between the claimed element and the corresponding feature in the
Xplore Second Seat.

48.  Therefore, Evenflo has and continues to directly infringe, under 35 U.S.C.
§ 271(a), at least one claim of the '062 Patent.

49.  In light of Evenflo's awareness of the '062 Patent, as detailed above, Evenflo's
continued infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously
wrongful, flagrant, or characteristic of a pirate.

50.  Accordingly, the nature of Evenflo's infringement of the '062 Patent makes this
an exceptional case under 35 U.S.C. § 285.

## COUNT III
### Direct Infringement of the '058 Patent by the Xplore Infant Car Seat Adapter
### Under 35 U.S.C. § 271(a)

51.  Veer Gear incorporates by reference each and every one of the preceding
paragraphs as if fully set forth herein.

52.  Evenflo's Xplore Infant Car Seat Adapter includes all of the elements of at least
one claim of the '058 Patent, including by way of example only (and not limiting with respect to

the number or identity of claims of the '058 Patent that will be asserted in this case), independent

claim 1, as set forth below and in the claim chart attached as **Exhibit L**:

  a.  The Xplore Infant Car Seat Adapter is a seat adapter for mounting a child seat
      to a wagon having two opposing upright walls;

  b.  The Xplore Infant Car Seat Adapter has a first adapter-to-wagon latch
      component configured to removably mount to a first opposing upright wall of
      the wagon;

  c.  The Xplore Infant Car Seat Adapter has a second adapter-to-wagon latch
      component configured to removably mount to a second opposing upright wall
      of the wagon;

  d.  The Xplore Infant Car Seat Adapter has a first adapter-to-seat latch
      component configured to removably couple to the child seat for securing the
      child seat to the wagon; and

  e.  The Xplore Infant Car Seat Adapter has a first vertical extension member
      coupled to the first adapter-to-wagon latch component and a second vertical
      extension member coupled to the second adaptor-to-wagon latch component
      for elevating the first adapter-to-seat latch component above the first and
      second opposing upright walls of the wagon when the seat adapter is mounted
      to the wagon.

53.     To the extent that one or more of the elements of any asserted claim of the '058

Patent is not literally present in the Xplore Infant Car Seat Adapter then such element is present

in the Xplore Infant Car Seat Adapter under the doctrine of equivalents because the

corresponding feature in the Xplore Infant Car Seat Adapter performs substantially the same

function, in substantially the same way, to obtain substantially the same result as the claimed

element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Xplore Infant Car Seat Adapter.

54.     Therefore, Evenflo has and continues to directly infringe, under 35 U.S.C. § 271(a), at least one claim of the '058 Patent.

55.     In light of Evenflo's awareness of the '058 Patent, as detailed above, Evenflo's continued infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

56.     Accordingly, the nature of Evenflo's infringement of the '058 Patent makes this an exceptional case under 35 U.S.C. § 285.

**COUNT IV**
**Direct Infringement of the '058 Patent by the Xplore Second Seat**
**Under 35 U.S.C. § 271(a)**

57.     Veer Gear incorporates by reference each and every one of the preceding paragraphs as if fully set forth herein.

58.     Evenflo's Xplore Second Seat includes all of the elements of at least one claim of the '058 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '058 Patent that will be asserted in this case), independent claim 2, as set forth below and in the claim chart attached as **Exhibit M**:

> a.  The Xplore Second Seat is a seat adapter for mounting a child seat to a wagon having two opposing upright walls;
>
> b.  The Xplore Second Seat has a first adapter-to-wagon latch component configured to removably mount to a first opposing upright wall of the wagon;
>
> c.  The Xplore Second Seat has a second adapter-to-wagon latch component configured to removably mount to a second opposing upright wall of the wagon;

d.  The Xplore Second Seat has a first adapter-to-seat latch component configured to removably couple to the child seat for securing the child seat to the wagon; and

e.  The Xplore Second Seat has a first vertical extension member coupled to the first adapter-to-wagon latch component and a second vertical extension member coupled to the second adaptor-to-wagon latch component for elevating the first adapter-to-seat latch component above the first and second opposing upright walls of the wagon when the seat adapter is mounted to the wagon.

59.  To the extent that one or more of the elements of any asserted claim of the '058 Patent is not literally present in the Xplore Second Seat then such element is present in the Xplore Second Seat under the doctrine of equivalents because the corresponding feature in the Xplore Second Seat performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Xplore Second Seat.

60.  Therefore, Evenflo has and continues to directly infringe, under 35 U.S.C. § 271(a), at least one claim of the'058 Patent.

61.  In light of Evenflo's awareness of the '058 Patent, as detailed above, Evenflo's continued infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

62.  Accordingly, the nature of Evenflo's infringement of the '058 Patent makes this an exceptional case under 35 U.S.C. § 285.

20

## COUNT V
## Direct Infringement of the '445 Patent by the Pivot Xplore Under 35 U.S.C. § 271(a)

63.     Veer Gear incorporates by reference each and every one of the preceding paragraphs as if fully set forth herein.

64.     Evenflo's Pivot Xplore includes all of the elements of at least one claim of the '445 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '445 Patent that will be asserted in this case), independent claim 1, as set forth below and in the claim chart attached as **Exhibit N**:

a.  The Pivot Xplore is a wagon for cargo;

b.  The Pivot Xplore has a base;

c.  The Pivot Xplore has at least one first wall that extends generally upright fromthe base in a use position to help hold the cargo, wherein the wall is movably mounted to the base and moves relative to the base between the upright useposition and a storage position collapsed into a compact arrangement;

d.  The Pivot Xplore has a latch system including first and second latches and an actuator operably coupled to the first and second latches;

e.  In the Pivot Xplore's latch system, each of the first and second latches include a first latch member and a respective second latch member that releasably secure to each other;

f.  In the Pivot Xplore's latch system, the first latch members are movable between a locked position and an unlocked position,

g.  In the Pivot Xplore's latch system, each first latch member in the locked position is secured to the respective second latch member so that the movable wall is secured in the upright use position;

h.  In the Pivot Xplore's latch system, each first latch member in the unlocked position is released from the respective second latch member so that the movable wall is free to move to the collapsed storage position;

i.  In the Pivot Xplore's latch system, the first latch members are positioned at opposite ends of the movable wall;

j.  In the Pivot Xplore's latch system, the actuator is positioned on the movable wall;

k.  In the Pivot Xplore's latch system, the second latch members are positioned on the wagon on at least one element of the wagon other than the movable wall and positioned to engage with the respective first latch members in the locked position when the movable wall is in the upright use position;

l.  In the Pivot Xplore's latch system, the first latch members are spring-biased toward the locked position; and

m.  In the Pivot Xplore's latch system, operation of the actuator moves the first latch members from the locked position to the unlocked position so that both the first and second latches are unlocked simultaneously by operation of the actuator to release the movable wall for movement from the upright use position to the collapsed storage position.

65.    To the extent that one or more of the elements of any asserted claim of the '445 Patent is not literally present in the Pivot Xplore, then such element is present in the Pivot Xplore under the doctrine of equivalents because the corresponding feature in the Pivot Xplore performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Pivot Xplore.

66.     Therefore, Evenflo has and continues to directly infringe, under 35 U.S.C. § 271(a), at least one claim of the '445 Patent.

67.     In light of Evenflo's awareness of the '445 Patent, as detailed above, Evenflo's continued infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

68.     Accordingly, the nature of Evenflo's infringement of the '445 Patent makes this an exceptional case under 35 U.S.C. § 285.

## COUNT VI
## Infringement of the '460 Patent by the Pivot Xplore Under 35 U.S.C. § 271

69.     Veer Gear incorporates by reference each and every one of the preceding paragraphs as if fully set forth herein.

70.     Evenflo's Pivot Xplore includes all of the elements of at least one claim of the '460 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '460 Patent that will be asserted in this case), independent claim 1, as set forth below and in the claim chart attached as **Exhibit P**:

a.  The Pivot Xplore is a wagon;

b.  The Pivot Xplore has at least one sidewall positionable in a use position and a stored position;

c.  The Pivot Xplore has a bottom surface coupled to the at least one sidewall, wherein the bottom surface and the at least one sidewall at least partially define a container;

d.  The Pivot Xplore has a plurality of wheels; and

e.  The Pivot Xplore's bottom surface has a footwell feature positionable in an extended position and a storage position.

71. To the extent that one or more of the elements of any asserted claim of the '460 Patent is not literally present in the Pivot Xplore, then such element is present in the Pivot Xplore under the doctrine of equivalents because the corresponding feature in the Pivot Xplore performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Pivot Xplore.

72. Therefore, Evenflo has and continues to directly infringe, under 35 U.S.C.§ 271(a), at least one claim of the '460 Patent.

73. Further, Evenflo is knowingly and directly inducing infringement of '460 Patent by providing its customers with the Pivot Xplore and instructions for its use. In addition, by providing its customers with the Pivot Xplore and instructions for its use, Evenflo is contributorily infringing the '460 Patent as well. Therefore, Evenflo has and continues to indirectly infringe, under 35 U.S.C. § 271(b) and (c), at least one claim of the '460 Patent.

74. In light of Evenflo's awareness of the '460 Patent, as detailed above, Evenflo's continued infringement has been willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or characteristic of a pirate.

75. Accordingly, the nature of Evenflo's infringement of the '460 Patent makes this an exceptional case under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Veer Gear prays for relief as follows:

A. For a judgment declaring that Evenflo has infringed the '857 Patent;

B. For a judgment declaring that Evenflo has infringed the '062 Patent;

C. For a judgment declaring that Evenflo has infringed the '058 Patent;

D. For a judgment declaring that Evenflo has infringed the '445 Patent;

E.      For a judgment declaring that Evenflo has infringed the '460 Patent;

F.      For a judgment awarding Veer Gear compensatory damages as a result of Evenflo's infringement, together with interest and costs, and in no event less than a reasonable royalty;

G.      For an equitable accounting to be ordered for determining the profits of and other sums Evenflo has derived from the complained-of patent infringement, and for such an amount to be paid over to the Veer Gear as an equitable remedy;

H.      For a judgment declaring that Evenflo's infringement has been willful;

I.      For a judgment awarding Veer Gear treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Evenflo's willful infringement;

J.      For a judgment declaring that this case is exceptional and awarding Veer Gear its expenses, costs, and attorneys' fees in accordance with 35 U.S.C. §§ 284–285 and Rule 54(d) of the Federal Rules of Civil Procedure;

K.      For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining Evenflo from further acts of infringement;

L.      For an order directing Evenflo, its agents, servants, employees, partners, attorneys, successors, and assigns, and all those acting in concert with it, to deliver to this Court or to Veer Gear all infringing products for destruction, or show proof of said destruction; and

M.      For such other and further relief as the Court deems just and proper.

Dated: February 15, 2022                         Respectfully Submitted By:


                                                 */s/Glenn E. Forbis*                         
                                                 Glenn E. Forbis (Pro Hac Vice, Trial
                                                 Counsel)
                                                 J. Bradley Luchsinger (Pro Hac Vice)
                                                 **HARNESS, DICKEY & PIERCE, P.L.C.**
                                                 5445 Corporate Drive, Suite 200
                                                 Troy, Michigan 48098
                                                 (248) 641-1600
                                                 gforbis@hdp.com
                                                 bluchsinger@hdp.com

                                                 Rex H. Elliott
                                                 C. Benjamin Cooper, Trial Counsel
                                                 **COOPER & ELLIOTT, LLC**
                                                 2175 Riverside Drive
                                                 Columbus, Ohio 43221
                                                 (614) 481-6000
                                                 (614) 481-6001 (fax)
                                                 rexe@cooperelliott.com
                                                 benc@cooperelliott.com

                                                 Douglas A. Robinson, (*Pro Hac Vice
                                                 Application Forthcoming*)
                                                 7700 Bonhomme Avenue, Suite 400
                                                 St. Louis, Missouri 63105
                                                 (314) 726-7500
                                                 drobinson@hdp.com

                                                 *Attorneys for Defendant/Counter-Plaintiff
                                                 Veer Gear LLC*

## **DEMAND FOR A JURY TRIAL**

Veer Gear hereby demands a trial by jury in this action.

*/s/Glenn E. Forbis*
Glenn E. Forbis

**EXHIBIT P**
**(Exhs. A-N previously submitted at ECF No. 6)**

**Exhibit P**

**Claim 1 of U.S. Patent No. 11,198,460**

**Compared to the Evenflo Pivot Xplore All-Terrain Stroller Wagon**

| Claims | Identification of Elements of Asserted Claim in Accused Instrumentalities |
|---|---|
| 1. A wagon assembly, comprising: | As shown in the photograph below, Evenflo's Pivot Xplore All-Terrain Stroller Wagon is a wagon assembly:<br><br> |
| at least one sidewall positionable in a use position and a stored position; | Evenflo's Pivot Xplore All-Terrain Stroller Wagon includes at least one sidewall that can be placed/positioned in a use position and a stored position.  The photograph shows the at least one sidewall in the use (e.g., upright) position:<br><br><br><br>The photograph below shows the at least one sidewall in the stored (e.g., folded) position: |

| Claims | Identification of Elements of Asserted Claim in Accused Instrumentalities |
|---|---|
| |  |
| a bottom surface coupled to the at least one sidewall, wherein the bottom surface and the at least one sidewall at least partially define a container; | Evenflo's Pivot Xplore All-Terrain Stroller Wagon includes a bottom surface that is coupled to the at least one sidewall. As shown in the photograph below, the at least one sidewall and the bottom surface partially define a container (e.g., the wagon compartment):<br><br> |
| a plurality of wheels; and | As shown below, Evenflo's Pivot Xplore All-Terrain Stroller Wagon includes a plurality of wheels: |

| Claims | Identification of Elements of Asserted Claim in Accused Instrumentalities |
|---|---|
| |  |
| wherein the bottom surface further comprises a footwell feature positionable in an extended position and a storage position. | Evenflo's Pivot Xplore All-Terrain Stroller Wagon includes a footwell in the bottom surface.<br><br><br><br>As shown in the photographs below, the footwell is collapsible and therefore has an extended (e.g., down) position and a storage (e.g., collapsed) position. |

| Claims | Identification of Elements of Asserted Claim in Accused Instrumentalities |
|---|---|
| | Extended position:         Storage position:<br> |

62980288